IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA, )
)
v. ) Civil Action No. 3:12CR35–HEH
)
WALTER SMITH, )
)
Defendant. )

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2255 Motion)

Walter Smith, a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 52) arguing that his firearm conviction and sentence are invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations. (ECF No. 56.) As discussed below, while the Government correctly asserts that the § 2255 Motion is untimely, the Court also finds that Smith's *Johnson* claim lacks merit.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 6, 2012, Smith was charged with: interference with commerce by threats and violence ("Hobbs Act robbery") of the New York Fried Chicken restaurant in Richmond, Virginia on January 19, 2012 (Count One); using, carrying, and brandishing a firearm in furtherance of a crime of violence, to wit, the crime charged in Count One (Count Two); the Hobbs Act robbery of the New York Fried Chicken restaurant in Richmond, Virginia on December 22, 2011 (Count Three); using, carrying, and

brandishing a firearm in furtherance of a crime of violence, to wit the crime charged in Count Three (Count Four); and, possession of a firearm by a convicted felon (Count Five). (Indictment 1–3, ECF No. 3.)

On May 21, 2012, pursuant to a Plea Agreement, Smith pled guilty to Counts One and Two and the Government agreed to dismiss the remaining charges. (ECF No. 35, at 1, 6.) On September 5, 2012, the Court sentenced Smith to 18 months of imprisonment on Count One and 84 months on Count Two to be served consecutively to Count One. (ECF No. 49, at 1–2.)

On June 20, 2016, Smith filed his § 2255 Motion. (ECF No. 52.) Thereafter, the Government moved to dismiss, arguing that the § 2255 Motion is barred by the relevant statute of limitations.

## II. ANALYSIS

### A. Smith's § 2255 Motion is Untimely

Under 28 U.S.C. § 2255(f)(1), Smith was required to file any 28 U.S.C. § 2255 motion within one year after his conviction became final. Accordingly, absent a belated commencement of the limitation period, Smith's § 2255 Motion is untimely. Smith contends that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).

Section 2255(f)(3) provides that a petitioner may bring a claim within a year of the date of which the right asserted was initially recognized by the Supreme Court. "[T]o obtain the benefit of the limitations period stated in § 2255(f)(3), [Smith] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made

2

retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (alteration in original).

The "right" asserted here is the right recognized in *Johnson*. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. 2563.[1] The *Johnson* Court concluded that the way the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another." *Id.* at 2557–58. Subsequently, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "*Johnson* announced a substantive rule of law that has retroactive effect in cases on collateral review." *Id.* at 1268.

---

[1] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

Smith asserts that his conviction is unlawful in light of *Johnson*, and in doing so, he argues that *Johnson* restarted the one-year limitation period pursuant to § 2255(f)(3).[2] For a petitioner to satisfy section 2255(f)(3), the Supreme Court itself must be the judicial body to establish the right in question. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). "[I]f the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (citations omitted).

Smith was convicted of using, carrying, and brandishing a firearm during the commission of a crime of violence, to wit, Hobbs Act robbery, in violation of 18 U.S.C. § 924(c). Smith's argument—that the residual clause of § 924(c) is unconstitutionally vague—simply was not a right announced in *Johnson*. Rather, the Supreme Court's holding in *Johnson* only addressed the residual clause of ACCA. As the Fourth Circuit has observed, although "the Supreme Court held unconstitutionally vague the [residual clause in ACCA], . . . the [Supreme] Court had no occasion to review . . . the residual clause [of § 924(c)]." *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015). Thus, Smith's contention that § 924(c)'s residual clause is unconstitutionally vague was not a right announced by the Supreme Court in *Johnson*. *See United States v. Cook*, No. 1:11–CR–188, 2019 WL 921448, at *3 (E.D. Va. Feb. 25, 2019) ("[T]he question of

---

[2] At least six judges in the Eastern and Western Districts of Virginia have rejected this argument and dismissed as untimely *Johnson*-related challenges resulting from § 924(c) convictions. *See Gray v. United States*, Nos. 1:08–cr–00213–GBL–2, 1:16–cv–00606, 2017 WL 6759614, at *3 (E.D. Va. Sept. 12, 2017) (citing four other Eastern District of Virginia judges that have dismissed these challenges as untimely and also holding the same); *United States v. Shifflett*, No. 5:14–cr–00007, 2017 WL 2695272, at *2–3 (W.D. Va. June 21, 2017).

[*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)] and *Johnson*'s effect on Section 924(c)(3)(B) is not yet settled.")[3] Thus, the Government correctly asserts that Smith's § 2255 Motion is untimely and barred from review here. Accordingly, the Government's Motion to Dismiss (ECF No. 56) will be granted.

**B. Smith's Claim Lacks Merit.**

Smith's *Johnson* claim also lacks merit. *See United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (noting that a district court may summarily dismiss a § 2255 motion where "files, and records 'show conclusively that the movant is not entitled to relief.'" (quoting *United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992))). Smith contends that after *Johnson*, the offense of Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Two must be vacated. Although Smith was not sentenced pursuant to ACCA, he asserts that the residual clause of § 924(c) is materially indistinguishable from the ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of

---

[3] In *Dimaya* the Supreme Court held that a similarly worded residual clause in 18 U.S.C. § 16(b) was also unconstitutionally vague. 138 S. Ct. at 1216.

imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

The United States can demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). As explained below, Hobbs Act robbery qualifies as a crime of violence under the Force Clause.[4]

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

---

[4] The United States Court of Appeals for the Fourth Circuit recently concluded that the Residual Clause of § 924(c) is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc).

*Id.* § 1951(b)(1). The United States Court of Appeals for the Fourth Circuit has not reached the issue of whether Hobbs Act robbery satisfies the Force Clause. Nevertheless, as this Court has previously concluded, a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, 139 F. Supp. 3d 734, 738 (E.D. Va. 2015) (citation omitted). This is because "[f]ear is the operative element facilitating the taking," and "any act or threatened act which engenders a fear of injury implicates force and potential violence." *Id.* at 739 (citing *United States v. Castleman*, 572 U.S. 157, 172 (2014); *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)); *see also Castleman*, 572 U.S. at 174 (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of physical force. Accordingly, consistent with this Court's earlier decisions, *see Standberry*, 139 F. Supp. 3d at 740, and decisions of many courts of appeal,[5] the Court finds that Hobbs Act robbery constitutes a categorical crime of violence.

Lastly, the Court notes that the Fourth Circuit's recent decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) does not alter the conclusion that Smith' § 924(c) conviction is predicated on a valid crime of violence under the force clause of § 924(c)(3)(A). In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act

---

[5] *See, e.g., United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 140–41 (3d Cir. 2016); *United States v. Moreno*, 665 F. App'x 678, 681 (10th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

7

robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236.

As explained above, unlike conspiracy to commit Hobbs Act robbery, Hobbs Act robbery is a valid crime of violence under the Force Clause because it invariably requires the actual, attempted, or threatened used of physical force. *St. Hubert*, 909 F.3d at 351.

### III. CONCLUSION

The Government's Motion to Dismiss (ECF No. 56) will be granted. The § 2255 Motion (ECF No. 52) will be denied. Smith's claim and the action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE
Date: March 29, 2019
Richmond, Virginia

8